UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CHRISTOPHER CREED,             CASE NO. 08-60049-CIV-DIMITROULEAS

    Petitioner,

vs.

WALTER A. MCNEIL,

    Respondent.
_____/

# FINAL JUDGMENT AND ORDER DENYING PETITION; WITHDRAWING REFERENCE

THIS CAUSE is before the Court on Petitioner Creed's January 10, 2008 Petition For Writ of Habeas Corpus [DE-1]. The Court has considered the State's March 7, 2008 Response [DE-11] and conventionally filed appendix [DE-12], and no reply having been filed[1], finds as follows:

1. On March 8, 2001, Creed was charged by information with Armed Trafficking in Cocaine, Attempted Premeditated Murder, Attempted Felony Murder, Aggravated Assault with a Firearm and Fleeing a Police Officer. [Ex: 1]. The crimes occurred on February 16, 2001.

2. On April 10, 2002, defense counsel filed a Motion to Compel Answers to Deposition Questions (about the confidential informant). [Ex:2]. On April 17, 2002, the trial court granted the motion to compel answers to all questions, except those that might reasonably lead to the disclosure of the informant's identity. [Ex: 3].

---

[1] The reply was due on April 7, 2008. On March 25, 2008, Magistrate Judge White denied Creed's request for an extension of time to file a reply. [DE-14].

      3.  Trial commenced on February 24, 2003.  Prior to the commencement of trial, the trial judge had a colloquy regarding the state's plea offer. [Ex: 4, pp. 3-17].  The plea offer was a twenty (20) year mandatory minimum [Ex: 4, pp. 4, 7].  Creed was correctly told that if he lost at trial that he was facing life without parole. [Ex: 4, p. 7].  The court reviewed the evidence that might be presented at trial. [Ex: 4, pp. 7-10].  The trial court intimated to Creed that if he was found guilty that he would not hesitate in imposing a life sentence. [Ex: 4, p. 11].  The Court was aware of Creed's past criminal history or lack thereof. [Ex: 4, pp. 5, 12].  The Court indicated that it had tried to see if there was a resolution of the case, without Creed's facing twenty (20) years in prison. [Ex: 4, pp. 12, 16].  The Court then told Creed that he had over two (2) years of credit for time served. [Ex: 4, p. 13].  The Court told Creed that he'd be getting out at 58 years of age (actually it appears it would have been 60) if he pled, but that he would die in prison if convicted at a trial and if the facts warranted it. [Ex: 4, p. 15].  Creed turned down the state's plea offer. [Ex: 4, p. 17].

      4.  On March 3, 2003, Creed was convicted of Armed Trafficking in Cocaine in excess of 400 grams (without discharging a firearm), a lesser included offense, Aggravated Assault with a firearm, and Fleeing a Police Officer. [Ex: 5].  He was acquitted on the Attempted Murder charges.

      5.  At the sentencing hearing held on April 4, 2003, the prosecutor requested a life sentence. [Ex: 6, p. 7].  Defense counsel recommended the minimum, a fifteen (15) year sentence. [Ex: 6, p. 10].  The Court reviewed, at length, a Pre-Sentence Investigation Report where Creed had been unwilling or unable to remember many aspects of his past. [Ex: 6, pp. 19-25].  The prosecutor explained his rationale for once having offered a twenty (20) year sentence and now,

after trial, requesting a life sentence. [Ex: 6, pp. 32-38]. Part of prosecutor's rationale was that a plea was a time for leniency and after trial, sentencing was a time for pain. [Ex: 6, pp. 37-38]. The court recounted aggravating circumstances of the case that it had learned through the trial, [Ex: 6, pp. 40-41], (including Creed's fleeing during rush hour traffic). The Court imposed a life sentence. [Ex: 6, p. 41] ; [Ex: 8].

6. On October 3, 2003, defense counsel filed a Motion to Correct Sentence on the aggravated assault charge. [Ex: 10]. On November 4, 2003, the trial court reduced the sentence on the aggravated assault charge. [Ex: 12].

7. On November 10,, 2004, the Fourth District Court of Appeal affirmed on all issues, except that the fleeing a police officer conviction was reversed. [Ex: 17]. Creed v. State, 886 So. 2d 301 (Fla. 4th DCA 2004). Mandate issued on November 30, 2004. [Ex: 18]. On January 18, 2005, the Fourth District Court of Appeal denied a Motion to Recall Mandate and a pro se Motion for Rehearing [Ex: 21]. When Creed did not petition the U.S. Supreme Court for a writ of certiorari[2], his conviction became final on April 18, 2005. Bond v. Moore, 309 F. 3d 770, 774 (11th Cir. 2002).

8. Eighty-six (86) days later on July 14, 2005, Creed filed another Motion to Correct Sentence. [Ex: 22]. On November 14, 2005, the trial court denied relief. [Ex: 24]. On February 15, 2006, the Fourth District Court of Appeal affirmed. [Ex: 27]. Creed v. State, 923 So. 2d 509 (Fla. 4th DCA 2006). Motion For Rehearing was denied on April 4, 2006. [Ex: 30]. Mandate issued on April 21, 2006. [Ex: 31].

---

[2] The state has not argued that Creed's failure to petition the Florida Supreme Court for discretionary review constitutes a lack of exhaustion of state remedies on his part.

9. Twenty-Eight (28) days later, Creed filed a Motion For Post Conviction Relief on May 2, 2006. [Ex: 32]. On January 2, 2007, a different state court judge, now on this case, denied the motion. [Ex: 36]. On May 30, 2007, the Fourth District Court of Appeal affirmed. [Ex: 42]. Creed v. State, 957 So. 2d 1179 (Fla. 4th DCA 2007). Rehearing was denied on July 5, 2007. [Ex: 43]. Mandate issued on July 27, 2007.

10. Approximately six (6) months later, Creed filed this timely petition alleging trial counsel was ineffective in failing to move to disclose the identity of the confidential informant, in waiving lesser included offenses, in waiving an entrapment defense, and in failing to object to the reclassification of the trafficking charge because of the use of a firearm. Creed also complains about a vindictive sentence, a denial of a mistrial after the state elicited testimony of his trying to get into a car, a denial of cross-examination regarding the whereabouts of the confidential informant, the admission of hearsay testimony, improper prosecutorial closing arguments and an illegal sentence.

11. First, Creed complains about trial counsel's failure to request the identity of the Confidential Informant. However, trial counsel did seek to obtain information about the confidential informant, but the trial court did not allow any questions that might reveal the informant's identity. [Ex: 3]. Any further request to reveal the identity would have been futile. Nevertheless, at trial,, defense counsel proffered the strategy that he did not want the identity of the informant disclosed before trial for fear the informant would be produced and then give incriminating testimony against Creed. [Ex: 6, p. 616]. Trial counsel's strategy was not so faulty so as to constitute ineffective assistance of counsel.

12. Second, Creed complains about trial counsel's waiving a lesser included offense as to

4

the amount of cocaine trafficked in. However, Armed Trafficking in any amount of cocaine over 28 grams is a life felony in Florida. Additionally, Trafficking in Cocaine over 200 grams, but less than 400 grams would have been two steps removed as lesser included offense and not available as a matter of right as a lesser included offense in Florida. State v. Abreau, 363 So. 2d 1063 (Fla. 1978). Normally, the decision to seek an instruction on a lesser-included offense is a matter of trial strategy that should not be second-guessed on collateral review. U.S. v.Chandler, 996 F. 2d 1073, 1099 (11th Cir. 1993) cert. denied, 512 U.S, 1227 (1994). Here, Creed can not show any prejudice even under Florida law.[3] Sanders v. State, 946 So. 2d 953, 959-60 (Fla. 2006). Moreover, Creed points to no U.S. Supreme Court case that hold a constitutional requirement to instruct on lesser-included offenses in a non-capital case. Carney v. Fabian, 487 F. 3d 1094, 1097 (8th Cir.) cert. denied, 128 S. Ct. 721 (2007). Finally, Creed agreed with the all or nothing strategy. [Ex: 6, p. 1187].

13. Third, Creed contends trial counsel should have requested an instruction on entrapment. Creed voiced no objections to the instructions when questioned by the trial court. [Ex: 6, p. 1186]. Creed elected not to testify in his behalf. [Ex: 6, p. 1152]. Without Creed's testimony, it is unlikely that a request for an entrapment instruction would have been granted. See U.S. v. Quinn, 123 F. 3d 1415, 1423 (11th Cir. 1997) cert. denied, 523 U.S. 1012 (1998); U.S. v. Diaz-Diaz, 433 F. 3d 128, 136 (1st Cir. 2005); U.S. v. Ramos, 462 F. 3d 329, 334 (4th Cir.) cert. denied, 547 U.S. 1139 (2006); U.S. v. Haddad, 462 F. 3d 783, 790 (7th Cir.. 2006). Counsel can not be faulted for his strategy.

14. Fourth, Creed complains that trial counsel should have objected to the reclassification

---

[3] Moreover, there was no dispute as to the amount of cocaine. [Ex: 6, p. 1173].

of the trafficking charge because of the use of a firearm. The verdict form found that Creed physically possessed the firearm. F.S. § 775.087(1) provides for an enhancement if the firearm is carried. Creed does not explain how the verdict's finding that he physically possessed a firearm is different from carrying it. The jury was instructed that an element of the crime was that Creed had actual physical possession of a firearm. [Ex: 6, p. 1271]. The enhancement was properly imposed.

    15. Fifth, Creed complains that the trial counsel imposed a vindictive sentence. Obviously, the trial court was very involved in trying to resolve the case by way of a plea. Although the trial judge may have had Creed's best interest in mind when he tried to resolve the case prior to selecting the jury, his participation in the plea discussions was too extensive.[4] Although this Court would not have been as actively engaged in the plea decisions, it can not say that the sentence imposed in this case was the product of actual vindictiveness by the trial judge. A Court may grant leniency in return for a guilty plea and withhold similar leniency from a defendant who proceeds to trial. U.S. v. Wilcox, 487 F. 3d 1163, 1175 (8th Cir. 2007). A defendant has no right to a sentence after trial that is as lenient as a sentence he could have had earlier in a plea bargain. U.S. v. Vazquez-Rivera, 470 F. 3d 443, 449 (1st Cir. 2006) cert. denied, 127 S. Ct. 2951 (2007). The trial judge warned Creed that he did not know everything about the case and that Creed could be facing a life sentence after a trial. That warning, although well-intentioned, is the basis for this complaint. Nevertheless, no showing of vindication has been made.

---

[4] Had Creed pled guilty, he may have had a better argument on a later collateral attack about the judge's involvement in the plea bargain.

16. Sixth, Creed complains that a mistrial should have been granted when testimony was elicited about his trying to get into a car. [Ex: 6, p. 930]. However, that evidence was admissable and relevant to Creed's efforts to flee and was admissible. No error has been shown.

17. Seventh, Creed complains that it was error to restrict cross-examination about the whereabouts of the confidential informant. However, trial counsel was able both to effectively cross-examine and then to argue the absent witness inference to the jury during closing argument. [Ex: 6, pp. 1220-1222]. No prejudice has been shown.

18. Eighth, Creed complains about the admission of hearsay. [Ex: 6, pp. 448, 454, 457, 480, 505, 524]. The references to cocaine investigation, if error, were harmless. No prejudice has been shown.

19. Ninth, Creed complains about the prosecutor's closing argument. [Ex: 6, pp. 1191, 1253, 1262] and a comment on his right to remain silent. [Ex: 6, p. 992]. "Taking responsibility for his actions", calling defense argument a "Magic Carpet Ride" or "funny math" are not comments that prevented Creed from receiving fair trial. As far as the detective's comment, he never actually said that Creed refused to go on tape. No error has been shown.

20. Tenth, Creed complains about an illegal sentence under Florida law. Here, no federal issue has been presented. Branan v. Booth,, 861 F. 2d 1507, 1508 (11th Cir. 1988). Moreover, it was a legal sentence.

Wherefore, Creed's Petition For Writ of Habeas Corpus [DE-1] is Denied.

The Reference to Magistrate [DE-3] is Withdrawn.

The Clerk shall close this case and deny any pending motions as Moot.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 11th day of April, 2008.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:

Sue-Ellen Kenny, Assistant Attorney General

Christopher Creed, #L45855
c/o Okeechobee Corr. Inst.
3420 N.E. 168th Street
Okeechobee, Florida 34972-4824

Honorable Patrick A. White, US Magistrate Judge